IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CARLOS CEDILLO-GARCIA, 32782-177, )
      Petitioner, )
       )
v. )    3:08-CV-1693-G
 )    3:04-CR-379-G
UNITED STATES OF AMERICA, )
      Respondent. )

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Procedural Background**

Petitioner pled guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202 and 557. On August 9, 2005, the Court sentenced him to 87 months imprisonment and two years supervised release. On June 20, 2007, the Fifth Circuit Court of Appeals dismissed his appeal. *United States v. Cedillo-Garcia*, 233 Fed. Appx. 389 (5th Cir. 2007). Petitioner did not file a petition for writ of certiorari to the Supreme Court.

On September 16, 2008, Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. He argues: (1) he received ineffective assistance counsel; (2) his

Page 1

conviction was unlawfully enhanced; and (3) his sentence was unlawfully increased above the statutory maximum.

On May 25, 2009, Respondent filed its response. On April 28, 2009, Petitioner filed a reply. On September 15, 2010, the Court held an evidentiary hearing. On January 5, 2011, the Court entered Findings, Conclusions and a Recommendation (F&R) that the petition be denied. On January 14, 2011, Petitioner filed objections to the F & R, arguing that the Court considered non-authenticated documents. On February 28, 2011, the government filed a response. Petitioner filed additional briefing on March 14, 2011, and June 7, 2011. The government filed additional briefing on May 26, 2011. The Court now determines the petition should be denied.

## II. Discussion

**1.     Sixteen Level Enhancement**

Petitioner argues his offense level was improperly increased by sixteen levels under section 2L1.2 of the Sentencing Guidelines. He states his prior conviction for delivery of a controlled substance is not a drug trafficking offense and therefore the enhancement was improper.

Petitioner pled guilty to illegal reentry into the United States. Under the Sentencing Guidelines, if a defendant is convicted of unlawful reentry, and was previously convicted of a drug trafficking offense for which the sentence imposed exceeded thirteen months, the base offense level is increased by sixteen levels. *See* USSG § 2L1.2(b)(1)(A).

The record shows that prior to Petitioner's conviction for unlawful reentry, he was previously convicted in Texas state court of delivery of a controlled substance. Petitioner argues this drug conviction does not constitute a "drug trafficking offense" under USSG §

2L1.2(b)(1)(A).

At the time of Petitioner's conviction, an offer to sell a controlled substance did not constitute a drug trafficking offense under USSG § 2L1.2(b)(1)(A). *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005); *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 353 (5th Cir. 2005). The Court must determine, therefore, whether Petitioner's state court conviction was for offering to sell a controlled substance, or whether it included delivery of a controlled substance, which would make it a drug trafficking offense under USSG § 2L1.2(b)(1)(A). *See United States v. Gonzales*, 484 F.3d 712, 714-15 (5th Cir. 2007).

In this case, Respondent supplemented the record with a copy of Petitioner's state court indictment and judgment. (Oct. 14, 2010, Resp. Appendix). The indictment and judgment show that Petitioner was charged with delivery of a controlled substance, and that he pled guilty to the charge. Petitioner objected to these supplemental documents, arguing the documents were not authenticated, were hearsay and the government did not show the documents were related to the Petitioner. On February 28, 2011, the government responded that the documents were properly considered by the Court. The government stated that the documents referred to the delivery of a controlled substance conviction referred to in the PSR. The government showed that the supplemental documents referred to the same cause number, court, charge, date, sentence and name as contained in the PSR. On March 14, 2011, Petitioner filed a response arguing the documents were not authenticated and were hearsay. On May 26, 2011, the government submitted authenticated copies of Petitioner's state court indictment and judgment with the state clerk's signature on the back of the documents. On June 7, 2011, Petitioner filed objections that, *inter alia,* the government was given too many opportunities to cure the deficiencies in its

evidence. The Court determines the government has submitted authenticated documents showing that Petitioner was charged in state court with delivery of a controlled substance, and that he pled guilty to the charge  The sixteen level enhancement was therefore proper and Petitioner's claim should be denied.

**2.     Previous Convictions**

Petitioner argues that because his prior conviction for delivery of a controlled substance and his prior removal were not proven to a jury, the court improperly considered the conviction and removal to increase the statutory maximum punishment. *See* 8 U.S.C. § 1326(b). Petitioner cites the Fifth Circuit's opinion in *United States v. Rojas-Luna*, 522 F.3d 502 (5th Cir. 2008), as support for his argument.

Under the Supreme Court's decisions in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a defendant's prior conviction under 8 U.S.C. § 1326(a) is only a sentencing factor and need not be proven to a jury.

The fact that after Petitioner's conviction, he was subsequently removed, however, must be either admitted or proved to a jury to increase the maximum penalty range from two years to ten or twenty years. *See Rojas-Luna*, 522 F.3d at 506; 8 U.S.C. §1326 (a) and (b). (West 2004).

In this case, Petitioner admitted the elements required to apply the enhancement. During sentencing, the record shows the following:

| | |
|---|---|
| COURT: | I have received a presentence report concerning Mr. Cedillo-Garcia dated July 5, 2005. Mr. Cardona, have you and Mr. Cedillo-Garcia reviewed together a copy of that report? |
| DEFENSE COUNSEL: | Yes, sir. |
| COURT: | I see that on August 5th I received written objections to that |

|  |  |
|---|---|
|  | report. Mr. Cardona, did you state in that submission all of the inaccuracies in the report that you and Mr. Cedillo-Garcia found when you reviewed it together? |
| DEFENSE COUNSEL: | I did, your Honor. |
| COURT: | Mr. Cedillo-Garcia, do you agree with what Mr. Cardona just stated? |
| PETITIONER: | Yes. |

(Sent. Tr. at 2).

In his objections to the PSR, Petitioner argued that his prior drug conviction was required to be stated in the indictment and proved beyond a reasonable doubt. Petitioner admitted, however, that the *Almendarez-Torres* decision foreclosed this claim. Petitioner stated he believed the *Almendarez-Torres* claim would be overruled in the near future. Significantly, Petitioner did not object that the facts regarding his prior convictions, removal and subsequent illegal reentry were inaccurate. He therefore admitted the facts necessary to apply the enhancement in § 1326(b). *See United States v. Velasquez-Torrez*, 609 F.3d 703 (5th Cir. 2010) (stating failure to object to facts in the PSR is deemed admission of prior conviction and removal). Petitioner's claim should be denied.

**3.    Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective because he: (1) did not adequately explain the PSR; (2) only met with Petitioner three times; (3) told Petitioner that his state conviction and federal conviction would run concurrently; and (4) abandoned Petitioner's appeal.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. PSR

Petitioner claims his counsel did not adequately explain the PSR. The record shows, however, that Petitioner stated in open court that he reviewed the PSR with his attorney and that all of his claims were made in the objections to the PSR. (Sent. Tr. at 2). This claim is therefore without merit and should be denied.

### B. Conclusory Claims

Petitioner argues his counsel met with him only three times prior to the plea. Petitioner, however, has not explained how this prejudiced his case, or how additional meetings would have helped the defense. Petitioner also claims his counsel told him that his state and federal sentences would run concurrently. Petitioner has submitted no evidence on this issue. His claims are conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.

1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

**C. Appeal**

Petitioner argues defense counsel abandoned his appeal. The record shows defense counsel filed a motion for leave to withdraw as counsel under Anders v. California, 386 U.S. 738 (1967) (Resp, App. 1). The Fifth Circuit granted defense counsel's motion to withdraw and dismissed the appeal, finding no non-frivolous claims. Petitioner has failed to show his counsel was constitutionally ineffective.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 28th day of July, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).